## GOODALL *v.* COOLEY.

Where the articles of submission contain a stipulation that the arbitrator "shall collect all the evidence he can, and show it to the parties before he decides, and that then either party may add what he can, and that he shall then decide the whole matter in controversy," and the arbitrator omits to show the evidence he has collected to the parties, and to give them notice or opportunity to be heard, the award made by him will be unauthorized and void.

An arbitrator who has rendered some services contemplated by the submission, will not necessarily be defeated of all right to compensation by reason of a failure to render all the services necessary to enable him to make a valid award, binding upon the parties, but he will be entitled, notwithstanding, to a reasonable compensation for the services actually rendered, in good faith, in pursuance of the submission.

ASSUMPSIT on an account annexed. The items were as follows :

For " cash you agreed to pay me as awarded to me by L. Parker, Esq., on reference about sheep you had of mine, fifteen dollars. To cash paid said Parker, for his fees for you, one dollar. To interest, five dollars." There was a count, also, for twenty-one dollars, money had and received by the defendant for the plaintiff's use.

The pleas were the general issue and the statute of limitations. To the last plea there were two replications, the first offering an issue ; the second, that the defendant, " within six years before the commencement of the suit, acknowl-

edged and confirmed and promised to perform said promises in said declaration mentioned," and upon this issue was joined. No evidence was offered in support of either of these issues by the plaintiff.

Upon the general issue the plaintiff offered in evidence the agreement of submission and the award.

The submission was as follows, viz :

" It is agreed by us, the subscribers, that Levi Parker, Esq. of Lisbon, shall examine Ward Cooley's flock of sheep, and especially those he had of John Taylor, 2d, and from all the evidence laid before him, by writings or affidavits or persons, shall say how many, if any of them, were of the flock of sheep said Taylor had June 30, 1842, and how many were of those Kelsey Oakes sold to said Taylor in September, 1842, if any, and then to determine the value of those that were of the flock when Taylor gave said Ira his last note, which was June 30, 1842; and if he finds any in said flock, said Cooley is to pay the cost of writ and service, ($2,25,) and pay said Parker his fees, and if none, said Ira to lose said cost and pay Parker his fees; and said Parker will please look of the flock and take the marks, and examine Austin Taylor as to those he let J. Taylor have, and Chandler Bowles as to those he had, and Prescott Young as to those he let Taylor have, and Kelsey Oakes those he did, and do it soon; and either party to have the right to put in the statements of John Taylor, 2d, and said Parker is to settle the whole matter, and say what damage, if any, said Cooley shall pay to said Ira for the sheep and wool and cost or none, and both agree to be bound by it; and said Ira to discharge and said Cooley to pay accordingly, and the suit is to cease and to be settled as above; and if either party revokes, he agrees to pay the other fifty dollars for his damage and costs.

IRA GOODALL,
WARD C. COOLEY.

Bath, January 20, 1846.

Mr. Parker will collect all the evidence he can, and then notify the parties, and show it to them before he decides, and then either may add what he can, and then he will decide all,—to be done in ninety days.

IRA GOODALL,

WARD C. COOLEY."

It appeared that the arbitrator called on some or all of the persons named in the submission, and made inquiries as to the sheep in question, but he testified that he made up his award after he had collected all the evidence he could get upon the subject; but he did not show the parties the evidence he had collected, nor notify the parties of any hearing, nor hear or consider any evidence they might have produced. The award was dated within ninety days, but it did not appear that it was communicated to either party until the summer of 1851. It was then taken by Cooley, and is produced in court by Goodall. The plaintiff contended that the condition of the submission, that the parties should be notified, and the evidence he had collected shown them, &c., had been waived, and the evidence on that point was submitted to the jury.

The arbitrator testified that his fee, which the plaintiff charged to be one dollar, was paid by said Goodall, within a short time before this action was brought. And for this sum the plaintiff claimed to recover. The court charged the jury that if they did not find any waiver of the stipulations of the submission, the award would be invalid, and the arbitrator having failed to make any award in pursuance of the submission, was not entitled to pay for his services, and the plaintiff, by paying such a claim, did not acquire any right of action against the defendant. To this instruction the plaintiff excepted.

The jury found a verdict for the defendant, which the plaintiff moved to set aside for supposed error in aforesaid instructions to the jury.

*Goodall & Carpenter,* for the plaintiff.

I.  We contend that the instruction of the court, that " the arbitrator, having failed to make any award in pursuance of the submission, was not entitled to pay for his services," is incorrect.

It appeared in evidence that this defendant attended the referee in the course of the investigations, and assisted in procuring evidence, and afterwards called upon the referee for the award, and received it from his hands; and it did not appear that he in any manner objected that the award had not been properly made, or that he would not pay him for his services in making it; and if deemed material by the court, we ask that the case may be so amended that these facts may distinctly appear. On this point, the case simply states that " it was then taken by Cooley, and is produced in court by Goodall."

II.  The parties in this suit having accepted the award in the manner aforesaid, were bound in law to pay the referee for his services in making it, whatever amount he reasonably deserved to have, whether the award was made in pursuance of the submission or not. *Vanderbilt* v. *Eagle Mills,* 25 Wend. 665; *Britton* v. *Turner,* 6 N. H. Rep. 492.

In an action by the referee for his fees, they having received and accepted the award, with a full knowledge of all its defects, if any, could not be heard to say that his services were of no value.

III.  The parties to this suit were jointly indebted to the referee for the amount of his fees, and the plaintiff having paid the whole, we contend

1st.  That the defendant, by his agreement in the submission, is liable to the plaintiff for the whole amount so paid.

2d.  But if the court should be of opinion that the defendant is not liable on said agreement, still, as a joint debtor with the plaintiff, he is liable to contribution, and to this extent the plaintiff claims to recover at all events.

It should be observed that the question submitted to the jury, by the ruling of the court, was whether the defendant had so waived a particular stipulation of the submission that, as between him and the plaintiff the award was valid and binding, and the jury were instructed that if he had not, then the referee was entitled to no pay for his services.

*H. & G. A. Bingham*, for the defendant.

I.   The award is void, as it does not pursue the submission.   This point seems admitted by the plaintiff.

Then the question arises whether an arbitrator is entitled to pay for making an award that is void by reason of his own misfeasance and neglect.

The submission specially points out the course to be pursued by the arbitrator, and if he undertakes to act at all, he undertakes to act in accordance with the course so pointed out and specifically agreed upon by the parties.

A person is not liable to be charged upon a special contract till the money is earned according to its terms.   *Britton* v. *Turner*, 6 N. H. Rep. 491.   That there was any change or nullification of the original submission is expressly negatived by the finding of the jury.

Then it seems clear that the arbitrator never had any right of action as against these parties, or either of them, upon any express agreement.   Has he upon any implied agreement?

We think not, first because we think the rule must apply as laid down in *Robinson* v. *Crowninshield*, 1 N. H. Rep. 76, that in case of a special contract there can be no recovery, either upon the special or general counts, without showing a substantial performance of that part of the agreement upon which the action is founded.

But should the contract in this case be construed as coming within the rule laid down in *Britton* v. *Turner*, the ruling of the court below is equally correct, for the arbitrator totally failed to perform any service of value to these par-

Goodall *v.* Cooley.

ties, or either of them, thereby creating any new considera-tion that would raise an implied promise to pay; and in the court below there was no evidence offered or claim made by the plaintiff, that if the award were void there was any beneficial service rendered by the arbitrator to these parties; and as the facts in the case raised no such ques-tion, there was none such decided.

Hence we say that the arbitrator had no right of action against any one for services; and if the plaintiff voluntarily paid him, he has no better right than the arbitrator had.

If the award were valid, the plaintiff would have no right to pay the arbitrator and charge the same to the de-fendant, as the losing party was alone responsible for his fees.

Woods, J. The submission was made to Parker, to de-termine how many of Ward C. Cooley's flock of sheep were of the flock which John Taylor, 2d, had in his posses-sion on the 30th of June, 1842, and the value of them. And it was agreed by said Cooley that, if upon and by the award of Parker, it should appear and be determined that any of the sheep which Taylor had on said day should be found in Cooley's flock, Cooley should pay the cost of a writ and service, and also the fees of Parker, for his services in the submission.

The liability of Cooley, then, to pay Parker's entire bill for his services, depended upon the result of his finding in relation to the sheep. But that finding must be a final de-termination of the controversy, unfavorable to Cooley, and binding upon the parties. The award, however, was not final upon the matter in dispute, but was void, having been made without the requisite preliminary steps stipulated for in the submission, in regard to proofs, and without a hearing of the parties, or notice or opportunity to be heard.

The events, therefore, had not transpired upon which the liability of Cooley depended, to pay Parker's entire fees,

and, consequently, no such liability existed, and the action cannot be maintained to that extent.

But how does the case stand upon another view? Parker rendered services for Goodall and Cooley, in reference to the matters submitted by them to his determination. It appeared that Parker called on several persons named in the submission, on whom he was requested to call, and made inquiries respecting the sheep, and rendered other services contemplated by the submission. He claimed fees for his services, and the plaintiff paid him the amount. If Parker was entitled to receive any thing, Goodall and Cooley were jointly bound to pay it, and Goodall having paid the whole, is entitled to recover pay of the defendant. But Parker made an award, which was regarded at the trial as void and insufficient for determining the matter in controversy which was submitted to his determination. Parker omitted to give the parties an opportunity to be heard in the premses before making his award.

The invalidity of the award is made the ground of objection to a recovery, by the plaintiff, of any part of the fees paid Parker. But we think the error committed by Parker was not of a character wholly to defeat his claim to any and all compensation for his services. He had rendered some services contemplated by the articles of submission, and although he did not render all the services expected of him, and determine the matter submitted to him in a manner binding upon the parties, yet he might, nevertheless, be well entitled to a reasonable compensation for the services rendered. No doubt the services performed were rendered in good faith, and the omission to do all that was contemplated would not necessarily defeat his right to a fair and reasonable compensation for the services actually rendered. Parker was not a lawyer. He did not hold himself out as such, it is presumed, nor was he selected upon that basis. He was selected to determine questions of fact, in reference to a matter with which he was supposed to be acquainted.

Goodall *v*. Cooley.

He probably did not err in the matter submitted, but he did in the form and manner of arriving at the conclusion which the law requires, in order to render the award valid. It cannot be, that, in such a case, the compensation is made to depend upon the legal and perfect accuracy of all the proceedings of the arbitrator. We think he may well be entitled to a reasonable compensation for services rendered in good faith, although the award may not be sustained, when its accuracy and sufficiency, as such, shall be tested by the rigid rules of law. If it were otherwise, none but legal men, probably, could be found to serve. Arbitrators are persons chosen by the parties to serve them, and like others employed to serve, are ordinarily entitled to such compensation, as in the judgment of a jury shall be deemed just and reasonable, for services rendered in good faith, and according to the best light they have upon the subject. Any other rule would deter most men from assuming the responsibility of determining the controversies arising among men, and this cheap, simple and expeditious mode of adjusting disputes would fall into disuse.

We are of the opinion that the ruling of the court upon the facts in the case was not strictly correct, and that the verdict must be set aside and a

*New trial granted.*